# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANTHONY SAMUEL DILLARD,<br><br>              Plaintiff,<br><br>      v.<br><br>COLLADO SCARBOROUGH, *et al.,*<br><br>              Defendants. | Case No. 3:24-cv-00107-SLG |

## **SCREENING ORDER**

On May 13, 2024, self-represented prisoner Anthony Samuel Dillard ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and a motion for a protective order.[1] Plaintiff names Superintendent Sarah Angol, Superintendent Jones, Officer F. Jordan, Lieutenant [FNU] Oels, and Probation Officer Collado Scarborough as Defendants in their official capacities and alleges violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.[2]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[3]

---

[1] Dockets 1-4.

[2] Docket 1 at 4.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[5]

---

proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 2 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 2 of 19

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[6] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[7] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[8]

Before dismissing any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[10]

---

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[7] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[8] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 3 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 3 of 19

**DISCUSSION**

According to the Complaint and the attached records from the Department of Corrections ("DOC"), Plaintiff was transferred from the Alpha Re-entry Initiative to the Goose Creek Correctional Center ("Goose Creek") on November 9, 2023.[11] Plaintiff claims his probation officer, Collado Scarborough, recommended he be placed in Administrative Segregation ("Ad-Seg"), and that DOC Lieutenant Oels, Correctional Officer Jordan, and Superintendent Angol falsified his admissions documents to indicate Plaintiff was an immediate threat to security and should be placed into administrative segregation.[12] Plaintiff alleges he was held in administrative segregation at Goose Creek for two days, and then transferred to the Anchorage Correctional Complex ("ACC") where he was in held administrative segregation for almost two weeks.[13] Plaintiff claims Lieutenant Guzy released him from segregation, but he does not include any supporting facts or documentation regarding the date or circumstances of that release. Plaintiff also claims his property was taken before or during his transfer to ACC, including his prayer rug and his Quran.[14] For relief, Plaintiff seeks $2 million in damages and $3,400 for

---

[11] Docket 1 at 5. *See also* Docket 1-1 at 1 (DOC Form #804.01A, Administrative Segregation Admission).

[12] Docket 1 at 6.

[13] Docket 1 at 7.

[14] Docket 1 at 6-7.

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 4 of 19
Case 3:24-cv-00107-SLG    Document 11    Filed 11/04/24    Page 4 of 19

lost property.[15] Plaintiff also filed a request for a protection order to prevent Defendants from retaliating against him for filing this lawsuit.[16]

Plaintiff was convicted and sentenced on April 11, 2024.[17] Therefore, he was a pretrial detainee for the duration of the alleged events. Plaintiff was transferred to the Spring Creek Correctional Center ("Spring Creek") on or about May 21, 2024.[18]

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[19] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[20] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[15] Docket 1 at 6.

[16] Docket 5.

[17] *See State v. Dillard,* Case No. 3AN-10-08250CR, Docket Information (04/11/2024 Charge Disposition: Defendant Convicted on Charge).

[18] Dockets 6-7.

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 5 of 19
Case 3:24-cv-00107-SLG    Document 11    Filed 11/04/24    Page 5 of 19

misconduct alleged."[21] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[22] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[23]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[24] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[25] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[26]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state

---

[21] *Ashcroft*, 556 U.S. at 678.

[22] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[23] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[24] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[25] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[26] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 6 of 19
Case 3:24-cv-00107-SLG    Document 11    Filed 11/04/24    Page 6 of 19

law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[27] A person acting under the color of state law " 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if [the person] does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [the person] is legally required to do that causes the deprivation of which complaint is made."[28] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[29]

**A. Eighth Amendment does not apply to pretrial detainees**

The protections of the Eighth Amendment's Cruel and Unusual Punishment Clause are "reserved for 'those convicted of crimes'…"[30] Plaintiff was not a convicted prisoner in the custody of the state at the time of the alleged violations, and as such, the Eighth Amendment does not apply. For civil rights claims by pretrial detainees pertaining to their conditions of confinement, courts "properly rel[y] on the Due Process Clause rather than the Eighth Amendment."[31] Therefore,

---

[27] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[28] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[29] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[30] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

[31] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 7 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 7 of 19

Plaintiff's claims under the Eighth Amendment are DISMISSED with prejudice. The Court now considers Plaintiff's claims under the Due Process Clause.

### B. Prison classification and segregation

The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving an individual of a liberty or property interest without following the proper procedures for doing so.[32] To succeed on a procedural due process claim, a prison inmate must establish (1) that he possessed a liberty interest and (2) that the defendants deprived him of that interest by use of insufficient process.[33]

A prisoner does not have a right to a particular classification or custody level.[34] Prisoners also have no liberty interest in remaining housed in the general prison population[35] or in remaining free from different types of segregation.[36] Prison officials may assign any housing or enforce any sanctions that are "within

---

[32] *See Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974).

[33] *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005).

[34] *See Myron v. Terhune,* 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison). *See also McFarland v. Cassady*, 779 F.2d 1426, 1427-28 (9th Cir. 1986).

[35] *Smith v Noonan*, 992 F.3d 987, 989 (9th Cir. 1993); *McFarland v. Cassady*, 779 F.2d 1426, (9th Cir. 1986)).

[36] *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (citing *Sandin v. Conner,* 515 U.S. 472, 485-86 (1995)).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 8 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 8 of 19

the normal limits or range of custody which the conviction has authorized the State to impose."[37]

Prisoners may be subjected to "disciplinary segregation" for behavioral incidents or may be segregated from others for purposes of institutional safety and order. It is an administrative, not a punitive, decision that results in "administrative segregation."[38] "For example, prisoners may be segregated to protect them from other prisoners; to protect other prisoners from the segregated prisoner; or pending investigation of disciplinary charges, transfer, or re-classification."[39] A court must focus on the nature of the deprivation imposed when determining whether a prisoner is entitled to procedural due process protections.[40]

Although Plaintiff claims Defendants falsified documentation and were punishing him for a prior disciplinary event,[41] the DOC records indicate Plaintiff was assigned to Ad-Seg pursuant to 22 AAC 05.485(a)(8) because DOC staff believed Plaintiff "represent[ed] a substantial immediate threat to the security of

---

[37] *Sandin*, 515 U.S. at 478 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

[38] *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003).

[39] *Carr v. Lytle,* Case No. 1:20-CV-00313-DCN, 2024 WL 989697, at *2 (D. Idaho 2024) (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin*, 515 U.S. at 472–73).

[40] *Sandin,* 515 U.S. at 493.

[41] *See* Docket 1-1 at 21, 24 (alleging Plaintiff was written up in February 2023 and placed in disciplinary segregation at that time).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 9 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 9 of 19

the facility."[42] Therefore, the decision to assign Plaintiff to Ad-Seg appears to be a classification decision and not intended as discipline. To the extent Plaintiff asserts there was a due process violation based on being falsely accused of being a threat to others, relief is not warranted on that basis alone.[43] Placement in segregation for administrative purposes "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration," and thus, generally does not violate a liberty interest protected by the Due Process Clause.[44]

To establish a liberty interest in remaining free from administrative segregation, a prisoner must show that his placement in segregation resulted in an "atypical and significant hardship ... in relation to the ordinary incidents of prison life."[45] To determine whether segregation poses an atypical and significant hardship, courts must consider the "*Sandin/Serrano*" factors, which are: (1) the nature and extent of the difference in conditions between segregation and general population; (2) the duration and intensity of the conditions of confinement; and (3) whether the sanction invariably extends the length of the prisoner's confinement.[46]

---

[42] Docket 1-1 at 1 (DOC's *Administrative Segregation Admission* form).

[43] *Hernandez*, 833 F.2d at 1319.

[44] *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), abrogated in part on other grounds by *Sandin*, 515 U.S. 472.

[45] *Sandin*, 515 U.S. at 484; *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010) (applying the "atypical and significant hardship" test contemplated in *Sandin*).

[46] *See Sandin,* 515 U.S. at 486-87; *Serrano v. Francis,* 345 F.3d 1071, 1078 (9th Cir. 2003).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 10 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 10 of 19

First, Plaintiff has not shown a "dramatic departure" from the standard conditions of confinement that would implicate due process concerns.[47] The included documentation indicates Plaintiff was prohibited from interacting with the general population, restricted to video visits, unable to make phone calls in the common areas, and only allowed outdoor recreation in isolation in an area reserved for segregated prisoners.[48] However, although limited, he was still able to participate in regular activities, such as recreation, visitation, phone calls, library visits, and other programming.[49]

Secondly, the duration of his segregation was low to moderate, given that 15-30 days seems to be generally recognized as a reasonable time frame.[50] Although it is unclear exactly how long Plaintiff was assigned to Ad-Seg, DOC's admission form requires the prisoner to "appear before the Classification Committee within three working days of placement into Segregation, and every 30

---

[47] *Sandin*, 515 U.S. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088–89 (9th Cir. 1996).

[48] Docket 1-1 (restricting Plaintiff to solo outside recreation in the segregation recreational cage, phone calls in cell, seg video visits only, etc.).

[49] Docket 1-1

[50] *Richardson v. Runnels,* 594 F.3d 666, 672 (9th Cir. 2010) (finding that 15 days of administrative segregation was not an atypical and significant hardship in relation to the ordinary incidents of prison life). *See also Sandin,* 515 U.S. at 486 (holding 30 days of administrative segregation did not support an atypical and significant hardship finding based on the facts of that case); *Wilkinson,* 545 U.S. at 227 (acknowledging the fact that "Ohio further reduces the risk of erroneous placement by providing for a placement review within 30 days of an inmate's initial assignment to [segregation]); *McFarland v. Cassady,* 779 F.2d 1426, 1428 (9th Cir. 1986) (finding a time period of 25 days for first notice to be "reasonable" in a due process analysis for the initial placement in segregation).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 11 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 11 of 19

days thereafter as long as the prisoner remains in segregation."[51] Plaintiff was transferred to ACC after two days and placed into Ad-Seg at the new facility. He alleges he was moved out of Ad-Seg after approximately two weeks.[52]

Thirdly, Plaintiff's temporary assignment to Ad-Seg did not extend the length of his sentence, make him immediately ineligible for parole, or cause the loss of good-time credits. Accepting the facts as true and construing the claims in the light most favorable to Plaintiff—as the Court must—Plaintiff has not shown he had a liberty interest in not being confined in temporary segregation for approximately two weeks. Therefore, he fails to state a plausible claim for a violation of his due process rights. Although amendment is likely futile, Plaintiff is grated leave to amend this claim.

### C. Loss of Personal Property

Plaintiff claims Defendants took his prayer rug and Quran and seeks $3,400 in lost property.[53] On the included DOC forms, Plaintiff indicated that he did not receive several items including his prayer rug, Quran, a Quran study guide, a Bible, personal hygiene items, books, photos, and a chess set.[54] It is unclear how Plaintiff

---

[51] Docket 1-1 at 1.

[52] Docket 1 at 7.

[53] Docket 1 at 7.

[54] Docket 1-1 at 11, 14.

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 12 of 19
Case 3:24-cv-00107-SLG    Document 11    Filed 11/04/24    Page 12 of 19

determined he lost $3,400 in property.[55] Further, although he claims he was deprived of some of his religious items, Plaintiff has not alleged that any of his property was intentionally or arbitrarily confiscated or destroyed. While the confiscation or destruction of property may be a contributing factor a court may consider in some federal causes of action, Plaintiff has not pled sufficient facts to support a violation of any constitutional right.[56] A claim of the negligent loss of personal property by state officials does not state a federal cause of action under Section 1983; nor does a claim of intentional deprivation of property by a state official constitute a Due Process violation so long as a meaningful post-deprivation state remedy is available.[57] Therefore, Plaintiff has failed to state a plausible claim regarding the loss of his personal property. Although amendment is likely futile, Plaintiff is accorded leave to amend this claim.

---

[55] *See* Docket 1-1 at 52-58 (listing lost commissary items totaling an approximate value of $841). *See also* Docket 1-1 at 59-60 (copies of receipts totaling approximately $224).

[56] *See, e.g., Silva v. Di Vittorio*, 658 F.3d 1090, 1102-04 (9th Cir. 2011) (discussing requirements for an access-to-court claim related to active interference), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); *Davis v. Abercrombie*, 903 F. Supp. 2d 975, 1002 (D. Haw. 2012) (considering whether prison's policy restricting possession of personal items, including religious items, to a previously approved list of items was the least restrictive means of accomplishing the compelling governmental interests).

[57] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that intentional deprivation not actionable "if a meaningful postdeprivation remedy for the loss is available"; *Parratt v. Taylor*, 451 U.S. 527, 544 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that negligent loss of property is not actionable under the Due Process Clause).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 13 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 13 of 19

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[58] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[59] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[60] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[61] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

The amended complaint must contain separately numbered, clearly identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered

---

[58] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[59] Fed. R. Civ. P. 8(a)(2).

[60] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[61] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 14 of 19
Case 3:24-cv-00107-SLG    Document 11    Filed 11/04/24    Page 14 of 19

short paragraphs, and no paragraph number being repeated anywhere in the complaint.[62] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." And an amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff. Neither the Court nor the defendants are required to search through a plaintiff's narrative in an effort to try to pull out facts and allegation regarding each defendant. Although Plaintiff is being given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

### IV. Plaintiff's Motion at Docket 5 is DENIED

Plaintiff filed a request for a protection order to prevent defendants from retaliating against him for filing this lawsuit.[63] Plaintiff's vague and speculative allegations are insufficient to support a claim for retaliation, and therefore, the Court will not consider a protective order at this time. The Ninth Circuit requires as predicates for a viable retaliation claim, that the plaintiff allege both "that the type of activity he engaged in was protected under the first amendment and that the

---

[62] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[63] Docket 5.

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 15 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 15 of 19

state impermissibly infringed on his right to engage in the protected activity."[64] The plaintiff must also demonstrate that the prison authorities' alleged retaliatory action did not advance legitimate goals of the correctional institution and that the plaintiff was injured by the retaliation.[65] Not only did the alleged segregation and loss of property occur before Plaintiff filed his grievances or filed this case, the attached documents include numerous Request for Interviews[66] and grievances Plaintiff filed with DOC regarding these issues. Further, Plaintiff does not appear to have had any difficulties pursing this case or any other cases in federal court. Therefore, the motion at Docket 5 is DENIED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff's motion for a protective order at **Docket 5 is DENIED.**

3. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. First Amended Complaint, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended

---

[64] *Rizzo v. Dawson,* 778 F.2d 527, 531 (9th Cir.1985).

[65] *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *See also Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005).

[66] DOC requires prisoners to "seek written informal resolution through the Request for Interview Form (Form 808.11A) or another appropriate Department form before filing a formal grievance." DOC P&P 808.03(VII)(A)(1)(b), *available at* https://doc.alaska.gov/pnp/pdf/808.03.pdf.

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 16 of 19
Case 3:24-cv-00107-SLG    Document 11    Filed 11/04/24    Page 16 of 19

> complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR
>
> b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

5. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

6. Because Plaintiff filed two documents containing nearly identical information, Plaintiff's request for a filing fee exemption at **Docket 4 is DENIED as moot.**

7. Plaintiff is advised federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[67] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

8. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either

---

[67] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 17 of 19
Case 3:24-cv-00107-SLG    Document 11    Filed 11/04/24    Page 17 of 19

(1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[68] Failure to comply may result in dismissal of this action.

9. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[69] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

10. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

11. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[70] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[68] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[69] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[70] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 18 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 18 of 19

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

12. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 4th day of November 2024, at Anchorage, Alaska.

>*/s/ Sharon L. Gleason*
> SHARON L. GLEASON
> UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough, et al.*
Screening Order
Page 19 of 19
Case 3:24-cv-00107-SLG   Document 11   Filed 11/04/24   Page 19 of 19