# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ANTHONY SAMUEL DILLARD,

    Plaintiff,

v.

COLLADO SCARBOROUGH,

    Defendant.

Case No. 3:24-cv-107-SLG

## ORDER OF DISMISSAL

On November 4, 2024, the Court issued a Screening Order identifying the deficiencies in the Complaint and providing self-represented prisoner Anthony Samuel Dillard ("Plaintiff") an opportunity to file an amended complaint that would address the deficiencies identified in the order.[1] On November 27, 2014, Plaintiff filed a First Amended Complaint ("FAC") alleging that on or about November 9, 2023, Probation Officer Collado Scarborough violated his right to freedom of religion and other constitutional rights.[2] For relief, Plaintiff requests $2 million in damages and $3,400 in lost property.

The Court has now screened the FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Court finds that the FAC fails to state sufficient facts that, accepted as true, would establish a plausible claim for relief.

---

[1] Docket 11.

[2] Docket 12 at 3.

The Court further finds that allowing leave to file another amended complaint would be futile and will therefore dismiss this case.

## DISCUSSION

In the FAC, Plaintiff claims Probation Officer Collado Scarborough ("Defendant") violated his right to freedom of religion and other constitutional rights.[3] However, instead of stating the underlying facts that support his claim as instructed in the Screening Order, Plaintiff identifies and responds to three parts of the Court's Screening Order. First, in response to page 4, Plaintiff states "that there was no paperwork file," which is why he does not have "any supporting facts or documentation." Second, in response to page 9, Plaintiff states he has requested documents from Goose Creek that show he was an immediate threat. He notes he held a job, applied for programs, and has not threatened or assaulted any inmate or staff member. Plaintiff again claims his due process rights were violated when he was held in segregation for two weeks. Third, in response to pages 12 and 13, Plaintiff refers the Court to several DOC documents that were attached to his original complaint, including a DOC prisoner property inventory form that indicates items of personal property that Plaintiff alleges show that he did not receive all of his personal property when he was transferred between Department of Corrections ("DOC") facilities in violation of his rights.[4]

---

[3] Docket 12 at 3.

[4] Docket 12 at 3; Docket 1-1 at 11-13.

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough*
Order of Dismissal
Page 2 of 5
Case 3:24-cv-00107-SLG    Document 13    Filed 01/23/25    Page 2 of 5

The Court's Screening Order informed Plaintiff that "[a]n amended complaint replaces the complaint in its entirety, and any claim not included in the amended complaint will be considered waived.[5] Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[6]

However, Plaintiff did not follow the Court's instructions to restate his claims in a new self-standing complaint. The FAC only includes one separately numbered, clearly identified claim against Probation Officer Scarborough. And Plaintiff has not pleaded facts to explain how the probation officer violated his right to practice his religion or other constitutional rights while Plaintiff was in the custody of the DOC. As explained in the Screening Order, to demonstrate a liberty interest in remaining free from administrative segregation, a prisoner must allege plausible facts, that if proven, would show that the *Sandin/Serrano* factors demonstrate "an atypical and significant hardship" was imposed on Plaintiff.[7] Plaintiff has not made any such showing in his FAC. Nor has Plaintiff explained how Defendant Scarborough could

---

[5] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1. *See also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("It is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (citations omitted).

[6] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[7] Docket 11 at 10-13.

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough*
Order of Dismissal
Page 3 of 5
Case 3:24-cv-00107-SLG   Document 13   Filed 01/23/25   Page 3 of 5

be responsible for the alleged loss of Plaintiff's personal property when he was transferred between DOC facilities.

Additionally, Plaintiff's responses to portions of the Screening Order in the FAC merely reiterate conclusory statements and legal conclusions similar to those the Court had already deemed insufficient. Although the FAC briefly references due process and segregation, Plaintiff does specifically include any other claims against any other individuals. Nor does he introduce any new facts that would remedy the deficiencies previously identified.

For these reasons, the FAC must be dismissed. The Court further finds that amendment would be futile because Plaintiff has shown he cannot correct the deficiencies that the Screening Order identified. Therefore, the Court will not accord Plaintiff leave to file another amended complaint. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."[8]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. This dismissal counts as a **STRIKE** under 28 U.S.C.§ 1915(g).

---

[8] *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough*
Order of Dismissal
Page 4 of 5
Case 3:24-cv-00107-SLG   Document 13   Filed 01/23/25   Page 4 of 5

4. Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that he "is under imminent danger of serious physical injury" at the time of filing his complaint.[9] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[10] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[11] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[12]

5. Plaintiff must not file any future claims for which he lacks a sufficient legal or factual basis.

6. The Clerk shall issue a final judgment and close this case.

DATED this 23rd day of January 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[9] 28 U.S.C. § 1915(g).

[10] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[11] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[12] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).

Case No. 3:24-cv-00107-SLG, *Dillard v. Scarborough*
Order of Dismissal
Page 5 of 5
Case 3:24-cv-00107-SLG    Document 13    Filed 01/23/25    Page 5 of 5